IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GRACIELA GUERRA

    Petitioner,

v.                                                Civ. 14-498 LH/SCY

ARLENE HICKSON and THE ATTORNEY
GENERAL OF THE STATE OF NEW MEXICO,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. I find that Petitioner's claims are either time-barred or procedurally defaulted, and I recommend dismissing the Petition with prejudice.

**I.**    **BACKGROUND**

Petitioner Garciela Guerra was convicted of first-degree murder of her daughter-in-law, Brenda Guerra, on June 19, 2009. *Doc. 7*, Ex. A. On June 22, 2009, she was sentenced to life in prison. *Id.*

Petitioner timely filed a direct appeal of her conviction to the New Mexico Supreme Court[1] on September 21, 2009, seeking relief on the basis of (1) improper exclusion of the testimony of Drs. Eric Westfried and Karen Griest; (2) improper exclusion of some of her letters written to her son, to counter the admission of other letters introduced by the State; (3) trial court error in not allowing the defense to ask Petitioner leading questions, in light of her poor English; (4) trial court error in referring to Petitioner's conduct as "murder" during the trial; (5) improper

---

[1] Convictions resulting in life sentences are appealed directly to the New Mexico Supreme Court. *State v. Smallwood*, 152 P.3d 821, 824 (2007).

denial of Petitioner's motion for a new trial; (6) cumulative error; (7) ineffective assistance of counsel in, prior to trial, focusing on the alternate theory that Petitioner's son killed the victim; (8) violation of Plaintiff's Fourteenth Amendment due process rights and to effective assistance when the trial court denied the defense's final request for a continuance; (9) improper exclusion of Petitioner's testimony about the victim's prior violent acts; (10) failure by the trial court to give a jury instruction on self-defense. *Id.,* Ex. C.  On May 10, 2012 the New Mexico Supreme Court issued its order affirming Petitioner's conviction. *Id*., Ex. H.  Petitioner did not file a motion for reconsideration. *Id*., Ex. J.

On March 6, 2014, Petitioner filed a state petition for writ of habeas corpus. *Id.,* Ex. K.  This petition lists several bases for relief, summarized as follows: (1) ineffective assistance of counsel in failing to timely file a motion to admit the expert testimony of Dr. Westfried;  (2) improper exclusion by the trial court of letters written by Petitioner to her son; (3) improper admission by the trial court of inconsistent testimony about Petitioner's conduct at the time of the murder; (4) improper admission by the trial court of inconsistent testimony about the victim's medical state immediately after the stabbing; (5) trial court error in failing to instruct the jury on self-defense; (6) failure of the trial court to order a competency hearing prior to court proceedings; (7) failure to allow Petitioner to present a defense; (8) failure of the trial court to grant the defense motion for change of venue; (9) failure of the trial court to grant the defense motion for a new trial. *Id.*  This petition was dismissed by District Judge James Waylon Counts on April 3, 2014. *Id.,* Ex. L.  Petitioner did not appeal Judge Counts' ruling. *Id.*, Ex. M.

Petitioner filed the instant Petition on May 23, 2014.

## II.   PETITIONER'S CLAIMS

Petitioner raises the following eight grounds for relief in the instant Petition:

1. Ineffective assistance of counsel at trial because counsel failed to call a necessary expert witness, Dr. Westfried (*doc. 1* at 6):

2. Improper exclusion by the trial court of letters written by Petitioner to her son (*id.* at 7);

3. Improper admission by the trial court of inconsistent testimony of two witnesses as to Petitioner's conduct towards the victim during the relevant incident (*id.* at 9);

4. Improper admission by the trial court of inconsistent testimony of two witnesses as to the victim's medical state immediately after the relevant incident (*id.* at 10);

5. Error by the trial court in failing to give a jury instruction about self-defense (*id.* at 13);

6. Error by the trial court in failing to order a competency exam prior to any court proceedings in the underlying criminal matter (*id.* at 14);

7. Improper exclusion by the trial court of evidence relevant to Petitioner's defense (*id.* at 15);

8. Improper denial by the trial Court of Petitioner's motion to change venue (*id.* at 16).

Respondent argues first that this Petition should be dismissed because it is time-barred and not tolled by any applicable doctrine. *Doc. 7* at 1. In the alternative, Respondent contends that the Petition should be dismissed as mixed because Petitioner has not properly exhausted state remedies with regard to Grounds 1, 3-4, and 6-8. *Id.* at 5, 6-7. Finally, Respondent points out that as to the cognizable federal claims presented, they have already been properly resolved by the state court. *Id.* at 1.

**III.   THE PETITION**

    **A.   Petitioner's Grounds 2 and 5 are Time-Barred**

The federal Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). This one year period is tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. . ." 28 U.S.C. § 2244(d)(2).

The New Mexico Supreme Court rendered a decision on Petitioner's direct appeal on May 10, 2012. Petitioner had until May 25, 2012 to file a motion for reconsideration, which Petitioner failed to do. *See* Rule 12-404(A) NMRA. Therefore, this decision became final of May 25, 2012. Petitioner then had ninety days, or until August 27, 2012, to seek certiorari from the United States Supreme Court, which Petitioner again failed to do. Petitioner therefore had until August 27, 2013 to file a federal habeas petition with respect to those claims properly raised on direct appeal, namely Grounds 2 and 5, and they are untimely absent a showing of equitable tolling. *See Pace*, 544 U.S at 418.

Petitioner is entitled to equitable tolling if she can demonstrate that "(1) that [s]he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in [her] way." *Id.* The burden is on Petitioner to demonstrate the existence of such extraordinary circumstances. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). She has made no argument to this effect, nor can I find any basis for equitable tolling in her Petition. I recommend that Petitioner's Grounds 2 and 5 be dismissed as time-barred.

B.   **Petitioner's Remaining Grounds are Unexhausted**

A federal court cannot grant a petition for habeas corpus under § 2254 unless the petitioner "has exhausted the remedies available in the courts of the State."[2] 28 U.S.C. § 2254(b)(1)(A). In order to properly exhaust state remedies as required by 28 U.S.C. § 2254, a prisoner must "fairly present" his federal claims to the state courts. "'Fair presentation' of a prisoner's [federal] claim to the state courts means that the substance of the claim must be raised there." *Demarest v. Price*, 130 F.3d 922, 932 (10th Cir. 1997). Because the purpose of the

---

[2] A federal court may review a petitioner's unexhausted claims if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Petitioner has not argued—and the record does not indicate—that either of these situations is present in this case.

exhaustion requirement is to "give the state courts one full opportunity to resolve any constitutional issues," *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), the petition must alert state courts "to the fact that the prisoner is asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)) (internal brackets omitted). The petitioner need not "cite 'book and verse on the federal constitution,'" *Berg v. Foster*, 244 F. App'x 239, 244 (10th Cir. 2007) (quoting *Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006)), but "[t]he federal quality of the rights asserted [must be] sufficiently discernable to fairly apprise the [state] court of the federal nature of [petitioner's] claims." *Bowser v. Boggs*, 20 F.3d 1060, 1063 (10th Cir. 1994). A petitioner bears the burden of proving that he exhausted state court remedies or that exhaustion would have been futile. *See Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011).

Petitioner raised the remaining grounds in her Petition at the state level only once: in the district court habeas petition adjudicated by Judge Counts. *Doc. 7*, Exs. L, M. In order to properly exhaust her state remedies, she was required to petition the New Mexico Supreme Court for writ of certiorari. *Cummings v. State*, 168 P.3d 1080, 1082 (2007)(the New Mexico Supreme Court retains original jurisdiction over appeals from writ of habeas corpus). Because Petitioner failed to do so, her remaining grounds are unexhausted.

      **C.    Petitioner's Remaining Grounds Are Procedurally Defaulted**

Under New Mexico law, Petitioner had thirty days from the date that Judge Counts denied her state habeas petition to seek certiorari from the New Mexico Supreme Court. NMRA, Rule 5-802(H). Judge Counts filed his decision on April 3, 3014, and since May 3, 2014 was a Saturday, Petitioner was required to file her petition for writ by May 5, 2014. Therefore, if the Court dismisses Petitioner's s unexhausted claims, they would be procedurally barred from

further review under New Mexico law. *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir.2002)("'Anticipatory procedural bar' occurs when the federal courts apply procedural bar to an unexhausted claim that would be procedurally barred under state law if the petitioner returned to state court to exhaust it."); *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997)("[I]f the court to which Petitioner must present his claims in order to meet the exhaustion requirement would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.")(quotation and citation omitted).

### D. Petitioner's Procedurally Defaulted Claims Should be Dismissed

Procedural default alone does not require the dismissal of Plaintiff's remaining claims. Instead, where there is anticipatory procedural default, the Court must first determine whether the default was reached based on an independent and adequate state procedural rule. *Cole v. Trammell*, 755 F.3d 1142, 1159 (10th Cir. 2014). If so, Petitioner must then demonstrate "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Butler v. State of Kan.*, 57 F. App'x 781, 783 (10th Cir. 2002)(citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

A state procedural rule will be independent if it relies on state, rather than federal law, and adequate if it is regularly followed and even handedly applied. *Banks v. Workman*, 692 F.3d 1133, 1145 (10th Cir. 2012). Here, the rule of New Mexico Criminal Procedure setting the time limit is clearly a creature of state law, and the thirty day time limit is well established with no indication that it has been unfairly applied. *See Adams v. LeMaster*, 223 F.3d 1177, 1182 (10th Cir. 2000)(discussing the thirty-day time limit).

As for cause, Petitioner makes no argument as to why she failed to pursue an appeal of her habeas claims before the New Mexico Supreme Court. Nor can I see one, given that she was able to file both her state and federal habeas actions without apparent issue. I therefore turn to whether failing to consider Petitioner's habeas claims would represent a fundamental miscarriage of justice, which requires that in these claims, Petitioner make a "credible showing of actual innocence." *Frost v. Pryor*, 749 F.3d 1212, 1231 (10th Cir. 2014). This credible showing requires a petitioner to "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 1232 (citation and quotation omitted). This evidence must be so convincing that, had it been introduced at trial, no reasonable juror would have found the petitioner guilty. *Id.* Petitioner has attached no evidence to her Petition. Nor does she, in her asserted remaining grounds, otherwise explain how the errors asserted resulted in a fundamental miscarriage of justice. *See Davis v. Roberts*, 579 F. App'x 662, 666 (10th Cir. 2014)(upholding the district court's determination that procedural default could not be overcome where the petitioner failed to explain how the error asserted actually resulted in a fundamental miscarriage of justice.)

## IV.   CONCLUSION

For the forgoing reasons, I have found that Petitioner's Grounds 2 and 5 of her Petition are time-barred and should be dismissed with prejudice. Further, Petitioner's remaining claims, 1, 3-4, and 6-8 are unexhausted, procedurally defaulted, and that such default is not excused. These claims should also be dismissed with prejudice.

/s/ Steven C. Yarbrough<br>
STEVEN C. YARBROUGH<br>
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**